**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LAVENA JOY KAULAITY,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-16-448-D** |
| **DEBBIE ALDRIDGE, Warden,** | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Lavena Joy Kaulaity, an Oklahoma prisoner appearing pro se, has applied to this Court for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1) at 1-13.[1] United States District Judge Timothy D. DeGiusti has referred Petitioner's case to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned has examined the Petition and recommends dismissal.

BACKGROUND

On August 8, 1986, Petitioner pled guilty in the District Court of Washita County, Oklahoma, to one count of first-degree murder. Pet. at 1, 4, 7; Pet. Ex. 2 (Doc. No. 1-2) at 1 (Order, *Kaulaity v. State*, No. PC-2016-0148 (Okla. Crim. App. Apr. 6, 2016)). She was sentenced to life in prison. Pet. at 1, 7; *see also* Pet. Ex. 1 (Doc. No. 1-1) at 1

[1] References to filings in this Court use the page and exhibit numbers assigned by CM/ECF. When quoting from Petitioner's filings, the undersigned has occasionally corrected capitalization, punctuation, and unambiguous abbreviations and spelling errors to improve readability.

(Postconviction Findings, *State v. Kaulaity*, No. CRF-1986-27 (Washita Cnty. Dist. Ct. Feb. 8, 2016)). Petitioner did not attempt to withdraw her plea or otherwise appeal her conviction within the time allowed by state law.[2] Pet. Ex. 2, at 1; *see also* Pet. at 2, 4-5. Three months after the deadline to withdraw her guilty plea had passed, Petitioner asked the Washita County District Court to produce unidentified documents that purportedly "prove" Petitioner "acted in self-defense" when she killed the victim. Pet. at 4; *see also* Pet. Ex. 3 (Doc. No. 1-3) at 2 (Case Info. Sheet, *State v. Kaulaity*, No. CRF-1986-27 (Washita Cnty. Dist. Ct. (docket entries of Nov. 24, 1986, and Jan. 30, 1987))). The trial court denied Petitioner's requests in March 1987. Pet. at 4, 5.

In December 2015, nearly thirty years after her conviction became final, Petitioner filed her first application for postconviction relief in the state trial court. *See* Pet. at 2; Pet. Ex. 1, at 1. Petitioner argued that her plea is invalid because she relied on her attorneys' erroneous advice that if she pled guilty she would be eligible for parole in seven years. *See* Pet. at 7-9; Pet. Ex. 2, at 1-2. The state trial court denied Petitioner's application in February 2016, and the OCCA affirmed. Pet. at 3-4; Pet. Ex. 1, at 1-2; Pet. Ex. 2, at 1-3. The OCCA held that Petitioner "failed to establish she is entitled to post-conviction relief"

---

[2] Because Petitioner had pled guilty, she could appeal her conviction or sentence only by (1) filing an application in the trial court to withdraw her plea within ten days of the issuance of the judgment and sentence, and (2) if and upon denial of that application, filing a petition for writ of certiorari in the Oklahoma Court of Criminal Appeals ("OCCA"). *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (citing Okla. Stat. tit. 22, § 1051 and OCCA R. 4.2(A) (1981)). Petitioner concedes that she did not "attempt to appeal" her conviction until after the ten-day "time period to withdraw her guilty plea had passed." Pet. at 4.

under Oklahoma law because she did not appeal her conviction in 1986, and she could have challenged the validity of her guilty plea on direct appeal. *See* Pet. Ex. 2, at 1-2. Thus, Petitioner "forfeited consideration of these issues through her own inaction." *Id.* at 2.

Petitioner filed her § 2254 Petition in this Court on April 27, 2016. *See* Pet. at 13; *Hailey v. Ray*, 312 F. App'x 113, 115 (10th Cir. 2009) (citing *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005)). Liberally and reasonably construed, Petitioner argues that she is entitled to federal habeas relief because: (1) the OCCA's decision on her postconviction appeal (*Kaulaity v. State*, No. PC-2016-148) violated Petitioner's "right to appeal"; (2) plea counsel's false "promise" that Petitioner "would serve seven . . . years of a life sentence, and then get out on parole" if she pled guilty to first-degree murder constituted ineffective assistance of counsel; (3) plea counsel's failure to inform the sentencing judge that Petitioner killed the victim while "defending herself against" a sexual assault violated Petitioner's right against "excessive punishment"; and (4) Petitioner's guilty plea and constitutional waivers were involuntary because Petitioner pled guilty "under threat of receiving the death penalty" if she was convicted at trial.[3] *See* Pet. at 6-9, 11.

---

[3] These claims generally correspond to the Petition's second, third, and fourth enumerated grounds for relief. *See* Pet. at 6-10. Petitioner's "Ground One," in which she "request[s]" an "equitable" "exception" to the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), does not allege any facts that can be reasonably construed as stating a cognizable claim for federal habeas relief. Pet. at 4-5; *see Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999); *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## ANALYSIS

### A. *Screening Requirement and Jurisdiction*

The Court is required to review habeas petitions and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.; *see Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005). A petition under 28 U.S.C. § 2254 must allege that the state-court judgment that "provides the basis for [the prisoner's] incarceration," *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998), "violate[s] the Constitution, laws, or treaties of the United States," *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[F]ederal habeas corpus relief does not lie for errors of state law," *McGuire*, 502 U.S. at 67 (internal quotation marks omitted), or for alleged constitutional errors that "focus[] only on the State's post-conviction remedy" as opposed to the underlying judgment of conviction, *Sellers*, 135 F.3d at 1139. Rule 4 also allows the district court to sua sponte dismiss a habeas petition if its untimeliness is "clear from the face of the petition itself." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

### B. *Petitioner's First Ground for Relief Fails to State a Claim*

Petitioner's first ground for relief—that the OCCA violated Petitioner's "Sixth Amendment right to appeal"—fails to state a cognizable federal habeas claim for two reasons. First, Petitioner bases this claim on her perception that the OCCA misapplied an

Oklahoma statute requiring the State to "file with its answer" to an application for postconviction relief "the record or portions thereof that are material to the questions raised in the application." Okla. Stat. tit. 22, § 1083(A); *see* Pet. at 6-7. Even assuming Petitioner is correct "and the Oklahoma court mistakenly construed the statute," "the error is one of state law not cognizable in habeas corpus because 'federal habeas corpus relief does not lie for errors of state law.'" *Sellers*, 135 F.3d at 1339 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *accord McGuire*, 502 U.S. at 67.

Second, Petitioner's alleged constitutional error "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [her] incarceration." *Sellers*, 135 F.3d at 1339; *see, e.g.*, Pet. at 4, 6-7, 10, 11. "Habeas relief under § 2254 is granted only for errors in the state judgment forming the basis for incarceration. If that judgment was proper, there is no ground for habeas relief based on flaws in state postconviction proceedings." *Jackson v. Ray*, 292 F. App'x 737, 740 (10th Cir. 2008). Thus, Petitioner's assertion that the OCCA's failure to enforce a state postconviction procedural requirement violated her "right to appeal," Pet. at 6, does not state a cognizable claim for relief under § 2254(a). *See id.*; *cf. Troutt v. Jones*, No. CIV-07-1062-D, 2008 WL 490614, at *2 (W.D. Okla. Feb. 21, 2008) (Oklahoma prisoner's claim that the state district court's "arbitrary and capricious application" of a local procedural rule governing page limitations "denied him access to state postconviction procedures" failed to state a "'cognizable federal habeas claim'" (quoting *Sellers*, 135 F.3d at 1339)), *appeal dismissed*, 288 F. App'x 452 (10th Cir. 2008). This claim should be summarily dismissed. *See Troutt*, 2008 WL 490614, at *3.

*C. Petitioner's Remaining Grounds for Relief Are Untimely*

Petitioner's second, third, and fourth grounds for relief, which challenge her plea counsel's ineffective performance and the "involuntary nature" of her guilty plea and constitutional waivers, plausibly allege that her conviction violated the federal Constitution. *See* Pet. at 7-9. These claims, however, were not filed within the time allowed by statute.

1. <u>The Applicable Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner asks the Court to apply § 2244(d)(1)(D) "due to the continuing application of legislative changes that disadvantage this Petitioner and have lengthened the

time of her incarceration, which in turn has made her guilty plea even more involuntary than when she was sentenced thirty years ago." Pet. at 4; *see also id.* at 11. Petitioner does not identify the "legislative changes" that she believes have "lengthened the time of her incarceration." Pet. at 4. To the extent Petitioner suggests that the one-year limitations period in § 2244(d)(1)(D) restarts each time the State denies her requests for parole or commutation, that argument must fail. *See* Pet. at 4, 11; 28 U.S.C. § 2244(d)(1)(D); *cf. Smith v. Grubbs*, 42 F. App'x 370, 372 (10th Cir. 2002) ("[S]uccessive denials of parole did not involve separate factual predicates and therefore do not warrant separate statute of limitations calculations.").

Looking instead to the facts alleged by Petitioner, and accepting those allegations as true, the factual predicate for Petitioner's second ground for relief—that her conviction and sentence are unconstitutional because her attorney falsely "promised" Petitioner that she "would be released on parole" after serving only seven years of a lifetime term of imprisonment, Pet. at 7—reasonably could have been discovered by Petitioner on or around August 8, 1994, when Petitioner completed her seventh year in prison. *See* Pet. at 4, 9, 11. At that point, Petitioner could "have reasonably determined" that counsel's promise would not be fulfilled. *Cf. Stump v. Oklahoma*, 271 F. App'x 805, 806-08 (10th Cir. 2008) (concluding that the "factual predicate of [the prisoner's] claim" that his attorney falsely promised that the prisoner would be paroled within a "seven to nine year time frame" was discoverable under § 2244(d)(1)(D) on the date the prisoner received written notice "that he would not be considered for parole" until almost two years after that time frame had passed). As for her third and fourth grounds for relief, Petitioner concedes that she knew

about the factual predicates for those claims—i.e., that she pled guilty "under threat of receiving the death penalty" and that her plea counsel did not "present a self-defense claim" to the sentencing judge—when she was convicted and sentenced in August 1986. *See* Pet. at 4, 7, 9. Thus, if § 2244(d)(1)(D) is applied, Petitioner's April 27, 2016 habeas action is untimely by some 22 to 30 years—absent tolling or an exception to the one-year time limit. 28 U.S.C. § 2244(d)(1)(D), (d)(2).

If § 2244(d)(1)(A) is applied instead, Petitioner is entitled to a later accrual date but one that still renders her action untimely. Where, as here, a petitioner's state-court conviction became final before AEDPA took effect, the one-year limitations period in § 2244(d)(1)(A) "began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997." *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012). Thus, for all three of Petitioner's cognizable habeas claims, Petitioner's April 27, 2016 habeas action is untimely by 19 years—absent tolling or an exception to the one-year time limit. *See id.*; *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001); 28 U.S.C. § 2244(d)(1)(A), (d)(2).

2. Statutory Tolling

"The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). To take advantage of this statutory tolling provision, however, a state prisoner must file the application in state court before his or her one-year limitations period under § 2244(d)(1) expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will

toll the statute of limitations."). Petitioner's first application for state postconviction relief, filed on December 2, 2015, therefore did not statutorily toll her AEDPA limitations period. Pet. at 2, 5; *Wood*, 132 S. Ct. at 1831; *Clark*, 468 F.3d at 714.

3. Equitable Tolling

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Clark*, 468 F.3d at 714 (internal quotation marks omitted). "[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-32 (2014) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of [her] claim." *See Clark*, 468 F.3d at 714. Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Liberally construed, Petitioner asks the Court to equitably toll her one-year limitations period because "Petitioner was initially denied access to the courts" "in 1986-[19]87" when the Washita County District Court rejected Petitioner's pro se "attempt[s] . . . to acquire documentation to support her claim of self-defense." Pet. at 4. Petitioner also asserts that her "right to appeal via application for postconviction relief was denied" in 2015-2016 "when [the] Washita County District Court did not provide

documentation" relevant to Petitioner's application as required by state statute (as discussed above). *Id.* at 11; *see also id.* at 4 (Petitioner acknowledging that she "attempt[ed] to appeal" her conviction only "after her ten (10) day time period to withdraw her guilty plea had passed"). These are not the kind of "extraordinary circumstances," *Clark*, 468 F.3d at 714, that might warrant equitable tolling. *Cf. Johnson v. Jones*, 502 F. App'x 807, 809-10 (10th Cir 2012) (rejecting petitioner's argument that he was entitled to equitable tolling because "he was wrongly denied an evidentiary hearing in state court post-conviction proceedings"); *Boyd v. Simmons*, 165 F. App'x 580, 582 (10th Cir. 2006) (rejecting petitioner's argument that he was entitled to equitable tolling because "he had been denied access to the courts through . . . his lack of access to relevant legal materials").

But even if Petitioner could establish "rare and exceptional circumstances" warranting equitable tolling in this case, Petitioner does not allege that she diligently pursued her federal habeas claims after AEDPA's one-year limitations period took effect on April 24, 1996. *Klinger*, 232 F.3d at 808 (internal quotation marks omitted). Indeed, Petitioner "offer[s] no explanation" for the 19 years that elapsed between the latest possible date upon which Petitioner's applicable limitations period began to run (April 24, 1996) and the date on which Petitioner first "attempted to pursue any type of post-conviction relief" (December 2, 2015). *Brown v. Poppel*, 98 F. App'x 785, 788 (10th Cir. 2004). The lack of "extraordinary circumstances preventing timeliness" and lack of "diligent pursuit" of Petitioner's federal claims are clear on the face of her Petition. *See* Pet. at 2, 4-5, 11; Pet. Ex. 2, at 2. Petitioner has not shown that she is entitled to equitable tolling. *See Clark*, 468 F.3d at 714; *Brown*, 98 F. App'x at 788.

4. Actual Innocence Exception

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)—that was established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *See id.* at 1928, 1931, 1936; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin*, 133 S. Ct. at 1935 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner does not allege that she has newly discovered evidence sufficient to open the gates to federal review of her time-barred habeas claims. *See McQuiggin*, 133 S. Ct. at 1936. Instead, Petitioner asserts that she has spent the last thirty years trying to "obtain documents . . . to prove she acted in self-defense" when she killed her victim. *See* Pet. at 4. Petitioner believes that this unidentified "documentation" would have persuaded a jury to convict her of "a lesser charge," such as second-degree murder or first-degree manslaughter, had she not pled guilty to first-degree murder. *Id.* at 8. At best, these

allegations cast doubt on whether Petitioner "is *legally* innocent" of first-degree murder because Petitioner's conduct was "justified or mitigated" by the victim's conduct. *Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002). Petitioner does not suggest that the documents contain evidence that she did not actually kill the victim. *See* Pet. at 4, 7-9. Thus, Petitioner's allegations cannot invoke the actual innocence equitable exception and therefore do not permit continued consideration of her Petition by this Court. *See McQuiggin*, 133 S. Ct. at 1928; *Bousley*, 523 U.S. at 623.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) be summarily dismissed.

**NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of her right to file an objection to the Report and Recommendation with the Clerk of this Court by February 15, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Clerk of Court is directed to serve copies of the Petition and this Report and Recommendation on Respondent and on the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

ENTERED this 25th day of January, 2017.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE